Filing # 18202938 Electronically Filed 09/14/2014 08:45:57 PM

IN THE CIRCUIT COURT DIVISION OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA
Civil Division

THOMAS ESTRELLA

    Plaintiff,                            CASE NO. 14-CA-9282 · DIV·K

v.

LTD FINANCIAL SERVICES, LP.

    Defendant.
_____/

## COMPLAINT

The Plaintiff, by and through his undersigned counsel, sues Defendant, and further alleges as follows:

1. Plaintiff is a resident of Hillsborough County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a Florida limited liability corporation doing business throughout the State of Florida, including Hillsborough County, as a debt collector. Defendant is a debt collector as defined by law. All material events regarding the collection of this alleged debt occurred in Hillsborough County, Florida.

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes. In addition, this action is also premised upon violations of the Telephone Consumer Protection Act, 47 U.S.C. 227. Each claim is premised upon the fact that Defendant contacted Plaintiff in violation of Plaintiff's consumer law rights under both state and federal law.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a debt. Plaintiff had no business relationship with Defendant. Plaintiff did not provide Defendant with Plaintiff's cell phone number or give Defendant any permission or express consent to call Plaintiff's cell phone with an automated dialer.

8. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff, but instead to contact Plaintiff's legal representative regarding the claims of indebtedness on October 26th, 2013 and again on July 22nd,2014. Defendant was and is aware that Plaintiff is represented by counsel in this matter.

9. Subsequently, Defendant refused Plaintiff's lawful directive as set forth by Plaintiff and continued to contact Plaintiff without regard to Plaintiff's specific instructions on at least August 14, 2014. In addition, Defendant contacted Plaintiff by calling Plaintiff's cell phone with an automated dialer, without express consent on 15 occasions or more. At no time did Defendant have permission or any form of express consent or authorization to call Plaintiff's cell phone.

10. Plaintiff had a lawful right to instruct Defendant not to have further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes.

11. Fla. Statutes, Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors, and which prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney.

12. Defendant knew that Plaintiff was represented by an attorney with two to four days of , July 22, 2014. Notwithstanding the fact that Defendant knew Plaintiff was represented by an attorney, Defendant continued to contact Plaintiff.

13. Defendant's conduct, included but was not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not limited to Fla. Statutes, Section 559.72(18), which provides for a civil penalty of $1,000.00 under Section 559.77. In addition, Defendant's conduct in contacting Plaintiff's cell phone, as described above, constitutes a violation of the Telephone Consumer

Protection Act and Defendant is liable to Plaintiff for $500.00 per call as well as treble damages at the discretion of the court.

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

/s/ W. John Gadd
W. John Gadd, Esquire
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com