UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ESTRELLA,

    Plaintiff,

v.                                              Case No: 8:14-cv-2624-T-27AEP

LTD FINANCIAL SERVICES, LP,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 3) and Plaintiff's response (Dkt. 5). Upon consideration, the Motion is GRANTED with leave to amend.

Plaintiff brings this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72(18) ("FCCPA"). The crux of Plaintiff's claims are that Defendant claimed Plaintiff owed it a debt, and despite Plaintiff disputing the debt and advising Defendant to contact his lawyer instead of him, Defendant continued to call Plaintiff's cell phone, using an automated dialer. Defendant moves to dismiss the Complaint for four reasons: (1) Plaintiff does not plead his TCPA and FCCPA claims in separate counts; (2) Plaintiff's use of the phrase "including but not limited to" is vague and ambiguous; (3) the Complaint does not allege that the calls were placed through an "automated telephone dialing system" or "ATDS" as required to state a claim under the TCPA; and (4) the Complaint does not allege facts to support the allegation that an ATDS was used.

1

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (internal quotations omitted). Rule 10(b) states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b).

Plaintiff's Complaint is not separated into counts. Although it is apparent that Plaintiff intends to assert claims under the TCPA and FCCPA, pleading each claim in a separate count would promote clarity. *See Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996). It is also apparent that Plaintiff alleges that Defendant used an automated telephone dialer system by his use of the term "automated dialer." The Federal Communications Commission has used a similar term, "autodialer." *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008). And Plaintiff's allegation that Defendant used an automated dialer gives Defendant fair notice that his claims rest on calls Defendant made to Plaintiff's cell phone using an ADTS, rather than an artificial or prerecorded message. *See* 47 U.S.C. 227(b)(1)(A)(iii).

Finally, Plaintiff does not address Defendant's argument that use of the phrase "including but not limited to" suggests Plaintiff may contemplate additional claims. However, it does appear from Plaintiff's response that his claims are limited to those brought under the TCPA and subsection 18 of the FCCPA. Although this language may be harmless surplusage, because he makes no argument that it is necessary to the Complaint, it should be eliminated in the amended complaint.

Accordingly,

Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED**. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** *without prejudice*. Plaintriff is granted leave to file an amended complaint within **ten (10) days** consistent with this order.

**DONE AND ORDERED** this 19th day of November, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record