## UNTIED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS ESTRELLA,

     Plaintiff,

v.                               Case No.: 8:14-cv-02624-JDW-AEP

LTD FINANCIAL SERVICES, L.P.,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR PARTIAL
## SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant LTD FINANCIAL SERVICES, L.P. ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 hereby files this Motion for Partial Summary Judgment as to Count VI of Plaintiff's Second Amended Complaint, and states the following in support thereof:

### I.    Factual Background / Procedural History.

This case involves allegations that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"). *See,* DE 20, generally. In Count VI of his Second Amended Complaint, Plaintiff alleges that "Defendant placed at least 15 non-emergency calls to Plaintiff's cellular telephone using an automated telephone dialing system or pre-recorded or artificial voice without Plaintiff[']s prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii)." *Ibid.* at ¶ 64.

On March 18, 2015, the deposition of David John, Defendant's senior vice president, was taken by Plaintiff's counsel. *See,* Deposition of David John ("John Depo.") attached hereto as

Exhibit A. During his deposition, Mr. John explained that the calls at issue were placed by Defendant in an attempt to collect upon Plaintiff's Citibank accounts. *Ibid.* at 14:23 – 15:1. With respect to the manner in which the telephone calls to Plaintiff were made, Mr. John explained:

> [T]he reason I can tell you how that was dialed is for all Citibank accounts during this timeframe, they only have one option of dialing a cell phone and that's manually through a point and click function.  So, they pull up the account or the account is presented to them through the software that this account needs to be worked, they look at the account, determine which of the phone numbers on the account they wish to call, they select the phone number using the mouse of their computer, when they've selected the phone, they click on it, using the mouse, and it launches the call.

> […]

> All phone numbers on the account, when you see that note, when it says dialed, all phone numbers are dialed through a manual process of pointing and clicking on the phone.

*Ibid.* at 40:13 – 41:12.

All of the telephone calls made by Defendant to the calls alleged to be Plaintiff's cellular telephone number during the time period in question were made through LTD's point and click function as described above. *See,* Declaration of David John ("John Dec.") attached hereto as "Exhibit B" at ¶ 6. Defendant did not place any telephone calls to Plaintiff's alleged cellular telephone number through the use an artificial or pre-recorded voice. *Ibid.* at ¶ 7.

Following Mr. John's deposition, Plaintiff did not conduct any additional discovery. Pursuant to the Court's Scheduling Order, the discovery deadline has passed. *See,* DE 17 at p. 2. Accordingly, the only evidence in this case concerning the manner in which the telephone calls at issue were placed is Mr. John's testimony. Through the instant Motion, Defendant seeks partial summary judgment on Plaintiff's TCPA claims, as the undisputed facts demonstrate that Plaintiff's TCPA claims must fail as a matter of law.

## II.      Legal Standard.

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See, Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods*, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e).* "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. *See, Earley*, 907 F.2d at 1081; *See also, Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See, Celotex,* 477 U.S. at 322.

### III.    Argument.

Plaintiff claims that Defendant violated the TCPA by allegedly placing telephone calls to Plaintiff's cellular telephone using an Automated Telephone Dialing System ("ATDS") or pre-recorded or artificial voice without his consent. *See,* DE 20 at ¶ 64. In order to prevail on his claim, Plaintiff must establish that Defendant made a call(s) using an ATDS or a pre-recorded or artificial voice. *See,* 47 U.S.C. § 227(b)(1); *Walker v. Transworld Systems, Inc.,* 2015 WL 631390, at *2 (M.D. Fla. Feb.13, 2015); *Lee v. Gulf Coast Collection Bureau, Inc.,* 2014 WL 6978760, at *2 (M.D. Fla. Dec.10, 2014).

As detailed *supra,* contrary to Plaintiff's allegations in the Second Amended Complaint, Defendant placed no call(s) to Plaintiff's alleged cellular telephone through the use of a pre-recorded or artificial voice. *See,* John Dec. at ¶ 7. Mr. John's testimony is the only evidence regarding the manner by which the calls at issue were placed. Accordingly, to the extent Plaintiff's TCPA claims are premised upon allegations that Defendant's calls were made using an artificial or pre-recorded voice, such claims must fail as a matter of law. *See, e.g., Celotex,* 477 U.S. at 322 ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

As for Plaintiff's contention that the calls at issue were made through the use of an ATDS, the undisputed evidence belies such an assertion. "In order to determine whether these calls were made using an ATDS, the Court looks to the definition of an ATDS." *Wilcox v. Green Tree Servicing, LLC,* 8:14-CV-1681-T-24, 2015 WL 2092671, at *4 (M.D. Fla. May 5, 2015). The TCPA defines an ATDS as equipment which has the capacity to both: (1) store or produce

telephone numbers to be called, using a random or sequential number generator, and (2) dial such numbers. 47 U.S.C. § 227(a)(1). The FCC has expanded the definition of an ATDS to include predictive dialers, which utilize lists of phone numbers that the equipment dials without human intervention and then assists in predicting when an agent is available to take the call. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517853, at *46 (F.C.C. July 3, 2003). "[T]he primary consideration under the FCC order is whether human intervention is required at the point in time at which the number is dialed." *Brown v. NRA Group, LLC*, 6:14-CV-610-ORL-31, 2015 WL 3562740, at *2 (M.D. Fla. June 5, 2015)(Presnell, J.)

In *Wilcox*, Judge Bucklew explained the difference between dialing equipment which requires human intervention (and is thus outside of the purview of the TCPA) and dialing equipment which does not require human intervention. *Id.*, 2015 WL 2092671 at *5. Specifically, Judge Bucklew held:

> As previously stated, the key feature of an ATDS is the capacity to dial numbers without human intervention. *See Holcombe v. Credit Protection Association, LP,* 44 F.Supp.3d 1311, 1315 (M.D.Ga.2014); *Lardner v. Diversified Consultants Inc.,* 17 F.Supp.3d 1215, 1223 (S.D.Fla.2014) (stating that the equipment at issue was an ATDS "because it automatically dials telephone numbers from a preprogrammed list"); *Buslepp v. Improv Miami, Inc.,* 2012 WL 4932692, at *2 (S.D.Fla. Oct.16, 2012); *Hicks v. Client Services, Inc.,* 2009 WL 2365637, at *5 (S.D.Fla. June 9, 2009); *Legg v. Voice Media Group, Inc.,* 20 F.Supp.3d 1370, 1374 (S.D.Fla.2014). The evidence before the Court is somewhat vague regarding how the phone calls are initiated under Defendant's second calling method using the Genesys system; it is unclear whether the agent selects the number to be called (and then the Genesys system responds by dialing the number that the agent selects) or if the Genesys systems selects the number to be called. If the agent selects the number to be called, then the call would be made as a result of human intervention, and the call would not be made using an ATDS.

*Id.*[1]

Accordingly, pursuant to Judge Bucklew's well-reasoned analysis, a telephone call is "not made using an ATDS" if "the agent selects the number to be called" as the "call would be made as a result of human intervention." *Id.* This analysis is consistent with the findings of other courts that have considered the issue. *See, e.g., Modica v. Green Tree Servicing, LLC.*, 14 C 3308, 2015 WL 1943222, at *1 (N.D. Ill. Apr. 29, 2015)(holding that no ATDS was used as a matter of law where "a live calling agent [...] was required to initiate a call by telephone by locating the customer's phone number, which is accessed by connecting to the server, and clicking the phone number on his computer"); *Gragg v. Orange Cab Co., Inc.,* 995 F.Supp.2d 1189, 1194 (W.D.Wash.2014) (concluding that the system at issue required human intervention in order to send the text message, because a human physically pressing "accept" was required before the message could be sent).

In the instant case, the manner by which the calls at issue were placed is undisputed. Specifically, as Mr. John explained, the agent "look[s] at the account, determine[s] which of the phone numbers on the account they wish to call, they select the phone number using the mouse of their computer, when they've selected the phone, they click on it, using the mouse, and it launches the call." John Depo. at 40:19 – 24. Plaintiff has not elicited, nor does there exist, any evidence to contradict Mr. John's sworn testimony that all telephone calls at issue were "dialed through a manual process of pointing and clicking on the phone". John Depo at 41: 11 -12; John Dec. at ¶ 6. As it is undisputed that "the agent selects the number to be called", "the call [was] made as a result of human intervention, and the call [was] not be made using an ATDS." *Wilcox,*

---

[1] The plaintiff in *Wilcox* was represented by W. John Gadd, one of the attorneys representing the Plaintiff in the instant case. Additionally, the plaintiff in *Wilcox*, Lisa E. Wilcox, is also one of the attorneys representing the Plaintiff in the instant case.

2015 WL 2092671 at *5. Accordingly, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's TCPA claims.

### IV.     Conclusion.

Plaintiff's TCPA claims are premised entirely upon allegations that Defendant placed telephone calls to Plaintiff's cellular telephone through the use of an ATDS or pre-recorded or artificial voice. As the undisputed evidence refutes these allegations, Defendant is entitled to summary judgment on Plaintiff's TCPA claims.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion for Partial Summary Judgment as to Count VI of Plaintiff's Second Amended Complaint.

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 15, 2015, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ**.**
Florida Bar No.: 0102808