UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS ESTRELLA**

**Plaintiff**  CIVIL ACTION 8:14-cv-02624-JDW-AEP

**v.**

**LTD FINANCIAL SERVICES, LP**

**Defendant**

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff THOMAS ESTRELLA, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56, and submits this Response to Defendant **LTD FINANCIAL SERVICES, LP** (LTD's) Motion for Partial Summary Judgment and Memorandum of Law, and as grounds states as follows:

**I. Introduction**

As set forth more fully below, Plaintiff respectfully submits that the undisputed material facts of this matter establish that Defendant is not entitled to judgment as a matter of law and that summary judgment should not be granted in its favor as the facts demonstrate that Defendant called Plaintiff's cell phone with an automated telephone dialing system (ATDS), repeatedly, without express consent and even after being specifically instructed to stop making the unwanted calls to Plaintiff's cell phone.

Summary Judgment is not appropriate in this present action because there are material questions of fact as to: 1) whether Defendant's use of its predictive autodialers, Castel Collects and Avaya to place calls to Plaintiff's cell phone number violated the

TCPA; and 2) the number of calls that were placed to the Plaintiff's cell phone using their predictive dialer.

In regard to whether Defendant's predictive dialer systems are both in fact autodialers as defined under the TCPA and by the FCC, it is notable that the Defendant has not disclosed or produced any expert reports regarding its dialer systems. This fact alone distinguishes this case from the Middle District case of *Wilcox v. Greentree,* 8:14-CV-1681-T-24, 2015 WL 2092671, at *4 (M.D. Fla. May 5, 2015). Further, the Defendant did not take the deposition of the Plaintiff or engage in any other discovery in this case. Defendant's arguments are solely based on the fact that it hoped that the FCC would not enter its July 10, 2015 order in time for this Court to consider it in relation to the instant case. See. Dec. of Lisa Wilcox, Ex. 1.

These well-known, telephone systems admittedly used by Defendant to place calls to Plaintiff's cell phone have the present capacity to be predictive dialers as defined by the FCC on July 10, 2015 in its Omnibus Declaratory Ruling and Order, FCC 15-72. See. Dec. of Lisa Wilcox, Ex. 2. Plaintiff requests that the Court take judicial notice of the FCC's order in this case and has filed his motion in this regard. Doc. 32.

Defendant fails to present any material evidence such that this Court could determine that Defendant is entitled to judgment as a matter of law.

## II. Argument

### A. Summary Judgment Standard

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by their own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v.*

2

*Catrett,* 477 U.S. 317 at 324, 106 S.Ct. 2548 (1986),  Evidence is reviewed in the light most favorable to the non-moving party.  *Fennell v. Gilstrap,* 559 F.3d 1212, 1216 (11th Cir. 2009).   Further, in considering a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the non-moving party. *Abel v. S. Shuttle Servs., Inc.,* 620 F.3d 1272, 1273 n.1 (11th Cir. 2010); *Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *SEC v. Blavin*, 760 F.2d 706 (6th Cir. 1985). The disputed facts must be material; they must be facts that, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

As stated above the material disputed facts at issue in this case that will affect the outcome of this TCPA action are:

1) whether Defendant's Castel Connects and Avaya predictive dialing systems are considered to have the present capacity to autodial such that they are an automatic telephone dialing system or ATDS that was used by the Defendant in violation of the TCPA.  Dec. of Lisa Wilcox, Ex. 2 Castel Connects Case Study of Defendant; Doc. 28-1, Depo. of David John, p 41:23-25, p 42:1-5.

2) the number of unlawful calls that Defendant placed to Plaintiff's cell phone, Dec. of Lisa Wilcox, Ex. 3, Def. Call Logs and Account Notes; Dec. of Thomas Estrella, p.1, ¶ 5;

and

3) whether Defendant had express consent to call Plaintiff's cell phone since it did not have a debt placed with it that it was attempting to collect at the time it placed the calls and if it did have consent then how many calls were placed after the Plaintiff

3

revoked his consent to be called on his cell phone.  Doc. 28-1, Depo. of David John, p.16-27: 1-21; Dec. of Lisa Wilcox, Ex. 3, Def. Call Logs and Account Notes; Dec. of Thomas Estrella, p. 3, ¶ 17-22.

### B. Telephone Consumer Protection Act (TCPA)

"Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012)).  The TCPA, in relevant part, makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."  47 U.S.C., § 227(b)(1)(A).  "The TCPA is essentially a strict liability statute" and "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011).

An automatic telephone dialing system or "ATDS" is "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." *§ 227(a)(1)*. When the TCPA was passed, telemarketers used dialing equipment to create and dial arbitrary 10-digit [*7] phone numbers. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14092 (2003)*.

4

In the face of these technological advances, the FCC considered the application of the TCPA's definition of an ATDS to what are called "predictive dialers". *Id*.

> "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."
>
> *Id. at 14091 (2003)*.

The FCC repeatedly has found that a predictive dialer is an ATDS. *Id. at 14091-93*; see also *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 15391, 15399, n.5 (2012)*; *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 566 (2008)*. The FCC reiterated in its July 10, 2015 Omnibus Declaratory Ruling and Order, FCC 15-72 that it was strengthening the core protections of the TCPA by confirming that: "Callers cannot avoid obtaining consumer consent for a robocall simply because they are not "**currently**" or "**presently**" **dialing random or sequential phone numbers**." (Emphasis) Dec. of Lisa Wilcox, Ex. 1, FCC 15-72, p 5, li. 72. This means that just because the Defendant claims on these particular occasions that it did not use the predictive dialing features that it somehow lacked the capacity to place autodialed calls.

It is now well-known in the telecommunications industry that the FCC strengthened its position in its July 10, 2015 Declaratory Ruling and Order regarding the meaning of "capacity" in the context of a predictive dialer system. Specifically,

> The Commission rejected the narrower interpretation of "capacity" (as "current ability") when it held that predictive dialer equipment meets the autodialer definition. In the 2003 TCPA Order, the Commission held that predictive dialers met the definition of an autodialer because that "hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." By finding that, even when the equipment presently lacked the necessary software, it nevertheless had the requisite capacity to be an autodialer, the Commission implicitly rejected any "present use" or "current capacity" test. In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities. "

Id. at 16:60-65

Defendant's argument that it somehow did not use an autodialer in this case relies primarily on Judge Bucklew's order in the case of *Wilcox v. Green Tree Servicing, LLC*. 8:14-CV-1681-T-24, 2015 WL 2092671, at *4 (M.D. Fla. May 5, 2015). However, it is easy to distinguish that case from the present one because it was prior to the FCC's July 10 ,2015 Order and because Green Tree Servicing LLC obtained and disclosed an expert report prior to the conclusion of the discovery from Robert Tolley. Additionally, under the Hobbs Act, *28 U.S.C. § 2342*, Congress unambiguously deprived the federal district courts of jurisdiction to invalidate FCC orders by giving exclusive power of review to the courts of appeals. See *Mais v. Gulf Coast Collection Bureau, 768 F.3d 1110 (11th Cir. 2014)* citing *Self v. Bellsouth Mobility, Inc., 700 F.3d 453, 461 (11th Cir. 2012)*.

Further, in *Wilcox v. Green Tree Servicing, LLC*, while the expert report was relied upon by Judge Bucklew in making her decision about the nature of the calls, she did not find in favor of Green Tree servicing as to the pre-recorded messages. *Wilcox v. Green Tree Servicing, LLC*. 8:14-CV-1681-T-24, 2015 WL 2092671, at *4 (M.D. Fla. May 5,

2015). Here, Defendant has never produced an expert report or made any expert disclosures in this case that are reliable. Additionally, Mr. Estrella will testify as to the pre-recorded messages that he received from the Defendant in this case each time that he answered the Defendant's calls. See Dec. of Thomas Estrella, p. 1, ¶ 6.

The TCPA uses the word "system" to describe the automated dialing equipment that is defined in section 227(a)(1) of the Act. The Commission noted, in concluding that a predictive dialer meets the definition of an autodialer, that "[t]he hardware, when paired with certain software, has the capacity to **store** or produce numbers and dial those numbers." *Emphasis added*. Castel Connects clearly has the capacity to store numbers and dial those numbers. As a result, the FCC has recognized that various pieces of different equipment and software can be combined to form an autodialer, as contemplated by the TCPA. The fact that these individual pieces of equipment and software might be separately owned or used does not change this analysis. *Id.* at p.24, line 88. Further, "(t)he Commission stated that, even when dialing a fixed set of numbers, equipment may nevertheless meet the autodialer definition". *Id. at p. 13, line 48.*

In the instant case, Mr. John testified that "the agent "look[s] at the account, determine[s] which of the phone numbers on the account they wish to call, they select the phone number using the mouse of their computer, when they've selected the phone, they click on it, using the mouse, and it launches the call." Dec. of Lisa Wilcox, ex. 4 David John Depo.at 40:19 – 24. What is cleverly missing from Mr. John's testimony presented in Defendant's Motion and what is a material fact in dispute is what occurs after the Defendant the call is "launched".

7

Interestingly, on the same date as Mr. John's deposition in this case, Mr. John also testified on behalf of the Defendant in another TCPA case, *Gaza v. Ltd Financial Services, LP*, 8:13-cv-01012-JSM-EAJ. Dec. of Lisa Wilcox, ex. 4 David John Depo. During that deposition Mr. John testified that the Defendant used the Avaya system and Castel Connects, which are both well-known predictive dialing systems at its two call centers. Dec. of Lisa Wilcox, ex. 4 John Depo. at 20:1-15. Further, Mr. John testified that the Defendant places approximately 75,000 calls per day from its call centers and uses interactive voice recognition software. Dec. of Lisa Wilcox, ex. 4 John Depo, 5:22-24. Both the use of interactive voice recognition software and the high volume of calls are indicative of the fact that once the calls are "launched" into the dialer they continue to call the cell phone number until the subscriber or their voicemail answers their cell phone.

**C. Defendant had the present capacity to autodial when it placed the calls to Plaintiff's Cellular Telephone**

Defendant asserts that Plaintiff has failed to produce any evidence that Defendant used an autodialer or predictive to make the offensive calls. However, Defendant did not take the deposition of Mr. Thomas Estrella nor did the Defendant attempt to obtain any discovery from Mr. Estrella because Mr. Estrella answered each one of the phone calls that Defendant placed to his cell phone. Mr. Estrella has first-hand knowledge and will testify that on each one of the twenty-five calls that were placed to his cell phone that there would be delays and clicks upon his answering the calls, as well as, pre-recorded messages. (See Dec. of Thomas Estrella, p.1, ¶ 6, p. 2, ¶7-16).

However, it is still important to note that Defendant's own testimony in this case and in the case of *Gaza v. Ltd Financial Services, LP*, 8:13-cv-01012-JSM-EAJ make it clear that Defendant at the very least had the capacity to autodial and use an ATDS to make the offending calls to Plaintiff's cell phone.[1]

Even if Defendant is attempting to now make self-serving assertions that it happened by chance on this one specific account not use its predictive dialing system these assertions should be disregarded and treated as inadmissible hearsay evidence. At the very least, there is a genuine dispute as to the material fact of whether an ATDS was used in this case because Defendant clearly had the present capacity to use an autodialer when it placed the calls at issue. Defendant failed to produce any documents, records or recordings that would lead a reasonable person to believe that they did not use its two predictive dialing systems when it made all of the calls to Plaintiff's cell phone. Defendant had the capacity to dial the calls that it made to Plaintiff's cell phone with an ATDS at the time that it made the calls. It is Defendant's burden to prove otherwise, which it has not met and it should therefore not be entitled to judgment as a matter of law.

---

[1] The statute defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a) (emphasis added). To satisfy that definition, the equipment does not actually have to store or produce telephone numbers or to use a random or sequential number generator; it merely must have the capacity to do so. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 951 (9th Cir. 2009).

**III. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Partial Summary Judgment. Defendant failed to meet its burden of proving that there exists no genuine issue of material fact regarding its use of an autodialer or predictive dialer in violation of the TCPA.

Respectfully submitted on August 11, 2015.

**/s/W. John Gadd**
_____
W. John Gadd, Esquire
FBN: 0463061
Bank of America Building
2727 Ulmerton Rd., Suite 250
Clearwater, FL 33762
727-524-6300
wjg@mazgadd.com

**/s/ Lisa Wilcox**
_____
Lisa R. Wilcox, Esquire
FBN: 697291
Wilcox Law, P.A.
721 First Avenue North, Suite 100
St. Petersburg, Florida 33701
888-945-2695
lisa@wilcoxlawpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ **Lisa Wilcox**
_____
Lisa R. Wilcox, Esquire