THOMAS ESTRELLA,

    Plaintiff,

v.    Case No.: 8:14-cv-02624-JDW-AEP

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, Defendant LTD FINANCIAL SERVICES, L.P. ("Defendant"), by and through its undersigned counsel, pursuant to this Court's Order dated August 12, 2015 (DE 39), and hereby files this Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, and states as follows:

In his Response to Defendant's Motion for Partial Summary Judgment as to Plaintiff's TCPA claims, Plaintiff submits his "declaration", as well as the declaration of his counsel, Lisa Wilcox. *See,* DE 35 and 36. In his "declaration", Plaintiff avers that he believes Defendant placed telephone calls to his cellular telephone through the use of an automated telephone dialing system ("ATDS") and pre-recorded messages. *See,* DE 35-1. In Attorney Wilcox's declaration, which appears to be from another case styled "Gaza v LTD", Ms. Wilcox attests to documents she purportedly printed off of the internet. *See,* DE 36. As none of the documents submitted by Plaintiff in support of his Response are sufficient to overcome Defendant's Motion for Partial Summary Judgment, the Court must find in favor of Defendant with respect to Plaintiff's TCPA claims as a matter of law.

## I. Plaintiff's "declaration" is unsworn, and thus cannot be considered at the summary judgment stage.

It is well settled that unsworn declarations do not meet the requirements of Federal Rule of Civil Procedure 56 and, as such, cannot be considered by the Court when addressing a summary judgment motion. *See, e.g., Carr v. Tatangelo,* 338 F.3d 1259, 1273 n. 27 (11th Cir.2003)(citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970)); *Santiago v. Hall*, 313-CV-177-J-39PDB, 2014 WL 4788068, at *1 (M.D. Fla. Sept. 24, 2014)(noting that "unsworn declarations plainly do not pass summary judgment muster").

In the instant case, while titled "Declaration of Thomas Estrella", Plaintiff's declaration is neither sworn nor notarized. The statements contained within Plaintiff's declaration are not under penalty of perjury. As such, Plaintiff's "declaration" cannot be considered at the summary judgment stage. *See, e.g., McCaskill v. Ray*, 279 Fed. Appx. 913, 915 (11th Cir. 2008)(holding that the District Court should not have considered an unsworn declaration not made under penalty of perjury).

## II. Plaintiff's unsworn declaration fails to comply with Fed.R.Civ.P. 56(c)(4).

In order to be properly considered at the summary judgment stage, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4). As such, "[a] nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *see also, Ojeda v. Louisville Ladder Inc.*, 410 Fed. Appx. 213, 215 (11th Cir. 2010).

Plaintiff's unsworn declaration lacks the requisite foundation to warrant consideration at the summary judgment stage. With respect to Plaintiff's assertion that "Defendant called [Plaintiff's] cell phone number […] with an automated telephone-dialing system", this assertion amounts to a conclusion as to the legal definition of an ATDS as well as the legal implications of Defendant's telephone equipment and therefore cannot be considered at the summary judgment stage. *See, e.g., Legg v. Voice Media Group, Inc.*, 13-62044-CIV-COHN, 2014 WL 1767097, at *4 (S.D. Fla. May 2, 2014)("Because Snyder may not offer a conclusion as to the legal definition of an automatic telephone dialing system, or the legal implications of VMG's systems in relation to that definition, the Court will exclude his proposed testimony that VMG used an 'automatic telephone dialing system' within the meaning of the TCPA.")

As for Plaintiff's assertion that "[d]uring each of the calls from the Defendant there was a pre-recorded message when [Plaintiff] answered [his] cell phone", such a speculative statement, standing alone, is insufficient to create a *genuine* issue of material fact. *See, e.g., Dennis v. Regl. Adjustment Bureau, Inc.*, 09-61494-CIV, 2010 WL 3359369, at *3 (S.D. Fla. July 7, 2010). As Judge Ungaro explained in *Dennis*:

> Speculation does not create a *genuine* issue of fact. And unsubstantiated assertions alone are not enough to withstand a motion for summary judgment. Plaintiff's statements of belief about what the voice mails sounded like are nothing more than pure speculation and unsubstantiated assertions. Therefore, the Court finds that her deposition testimony does not create a *genuine* issue of material fact, and Defendant's records support its position that the calls made were not made using an automatic dialing system or pre-recorded or artificial voice.

*Id.* (internal citations omitted).

In the instant case, as in *Legg* and *Dennis*, Plaintiff impermissibly seeks to avoid summary judgment through conclusory and speculative statements. Because such statements are

insufficient to overcome Defendant's Motion for Partial Summary Judgment, the Court must grant Defendant's Motion.

### III. The website print-outs cannot be considered at the summary judgment stage.

"To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56 and the affiant must be a person through whom the exhibits could be admitted into evidence." *Ioselev v. Schilling*, 3:10-CV-1091-J-34MCR, 2013 WL 271711, at *2 (M.D. Fla. Jan. 24, 2013)(Howard, J.). It is well settled that websites such as the sites proffered by Plaintiff are not self-authenticating. *See, e.g., Sun Protec. Factory, Inc. v. Tender Corp.*, 2005 WL 2484710, at *6 (M.D. Fla. Oct. 7, 2005)("websites are not self-authenticating."); *Mullinax v. United Mktg. Group, LLC*, 2011 WL 4085933, at *7 (N.D. Ga. Sept. 13, 2011)("Printouts of a website, standing alone, are not self-authenticating documents."). As Judge Scriven explained in *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson*, "[t]o authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website[,] for example a web master or someone else with personal knowledge[.]" *Id.*, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006).

In the instant case, Plaintiff attempts to authenticate the website print-outs through the declaration of Plaintiff's counsel Lisa Wilcox. Absent, however, from Ms. Wilcox's declaration is any indication that she has personal knowledge of the websites in question. Similarly absent from Ms. Wilcox's declaration is any indicia that the information contained on the websites is accurate and/or reliable. As such, Ms. Wilcox's declaration fails to rely "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *See,* Fed.R.Civ.P. 56(c)(4). Accordingly, because the

websites have not been "authenticated by and attached to an affidavit that meets the requirements of Rule 56" and because Ms. Wilcox is not "a person through whom the exhibits could be admitted into evidence", the websites cannot be used to oppose Defendant's Motion for Partial Summary Judgment. *Ioselev*, 2013 WL 271711 at *2.

In addition to lacking the necessary authentication, the website print-outs at issue constitute inadmissible hearsay which the Court cannot consider at the summary judgment stage. Consistent with Eleventh Circuit precedent, this Court has held that "statements in [a] Declaration about what [was] heard secondhand are inadmissible hearsay, which cannot be used to defeat summary judgment." *Dove v. Cellco Partn.*, 8:11-CV-1824-T-30TGW, 2013 WL 140240, at *4 (M.D. Fla. Jan. 11, 2013)(Moody, J.)(citing *Alvarez v. Royal Atlantic Developers, Inc.,* 610 F.3d 1253, 1266–67 (11th Cir.2010)).

In the instant case, the websites at issue contain out-of-court statements proffered to prove in the manner by which the calls at issue were made. As such, the websites constitute inadmissible hearsay and must be disregarded at the summary judgment stage.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion for Partial Summary Judgment.

Respectfully submitted by:

/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notice to all counsel of record.

/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
