UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ESTRELLA,

    Plaintiff,

v.                                                Case No: 8:14-cv-2624-T-27AEP

LTD FINANCIAL SERVICES, LP,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Dkt. 28), Plaintiff's response (Dkt. 35), Defendant's reply (Dkt. 40), and Defendant's Notice of Supplemental Authority (Dkt. 41). Also before the Court are Plaintiff's Motion for Judicial Notice of Documents and Facts (Dkt. 31), and Defendant's response (Dkt. 37). Upon consideration, Plaintiff's Motion for Judicial Notice of Facts (Dkt. 31) is GRANTED in part and DENIED in part and Defendant's Motion for Partial Summary Judgment is GRANTED.

**I. BACKGROUND**

In Count VI of the Second Amended Complaint (Dkt. 20), Plaintiff claims that Defendant placed non-emergency telephone calls to his cellular telephone using an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice without his prior consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Defendant argues that it is entitled to summary judgment on Plaintiff's TCPA claim because each of the calls to

1

Plaintiff's cellular phone were dialed manually and not through the use of an ATDS or artificial or prerecorded voice.

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). All facts are viewed and all reasonable inferences are drawn in the light most favorable to the non-moving party, here, Plaintiff. *See Scott v. Harris*, 50 U.S. 372, 378 (2007).

"A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). As such, Plaintiff's evidence "cannot consist of conclusory allegations or legal conclusions." *Id.*

## III. DISCUSSION

To succeed on his TCPA claim, Plaintiff must establish that Defendant placed calls to his cellular phone using an ATDS or artificial or prerecorded voice. The TCPA prohibits the use of an ATDS to call a telephone number assigned to a cellular telephone service (other than for purposes of an emergency), without the prior express consent of the "called party." 47 U.S.C. §

227(b)(1)(A)(iii).[1] "The term 'automatic telephone dialing system' means equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The definition of ATDS includes predictive dialers.[2] 2003 FCC Ruling at *46. The essential function of an ATDS is "the capacity to dial numbers without human intervention." *Id.*

The FCC recently clarified "that parties cannot circumvent the TCPA by dividing ownership of dialing equipment." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 2015 WL 4387780, at *9-10 (July 15, 2015) ("2015 FCC Ruling"). In other words, various pieces of different equipment and software can be combined to form an autodialer, even where two separate entities divide the storage and calling functions, "if the net result of such voluntary combination enables the equipment to have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." *Id.*

Defendant contends there is no evidence to support Plaintiff's allegation that Defendant

---

[1] § 227(b)(1)(A)(iii) provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

. . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

[2] The FCC defines "predictive dialer" as "an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 2003 WL 21517853, at *4 n.31 (July 3, 2003) ("2003 FCC Ruling").

3

placed calls to Plaintiff's cellular phone using an ATDS or artificial or prerecorded voice and that the evidence is to the contrary. David John, Defendant's senior vice president, testified that the calls at issue in this case were placed by employees of Defendant manually using a "point and click function" (Dkt. 28-1, David John Dep. at 40:13-41:12; Dkt. 28-2, David John Dec. at ¶ 6). John also averred that Defendant did not place any telephone calls to Plaintiff through the use of an artificial or prerecorded voice (John Dec. at ¶ 7).[3]

In opposition, Plaintiff submits his unsworn declaration (Dkt. 35-1). According to Plaintiff, he "could tell" Defendant was using an ATDS to call him because when he answered there was "a prolonged silence" and what he would describe as "delays and clicks," as well as prerecorded messages (*id.* at ¶¶ 8, 23).[4]

As an initial matter, Defendant contends that Plaintiff's declaration cannot be considered at

---

[3] John testified that the only option for dialing a cellular phone to service a Citibank account (like Plaintiff's) during the subject time frame was to dial manually through a "point and click function" (John Dep. at 39:13-24). According to John, this means that the employee determines which of the phone numbers on the account they wish to call, selects the phone number using the mouse of their computer, clicks on the number, and the call is then "launched" (*Id.*).

[4] Plaintiff also requests the Court take judicial notice of the FCC's 2015 Declaratory Ruling, FCC 15-72, regarding the definition of autodialer, and a screen shot of a case study from Castel Connects' website (Dkt. 31). Defendant does not oppose the request with respect to the FCC ruling.
  Judicial notice of the screen shot of Castel Connects' website is not appropriate. Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Castel Connects' website describes a case study of its predictive dialer product and discusses an interview with David John (Dkt. 31-2).
  Plaintiff contends that the screen shot establishes the fact that Defendant used a predictive dialer to place the alleged calls. Plaintiff fails to demonstrate that the information on the website is "generally known within the trial court's territorial jurisdiction" and makes no attempt to authenticate it. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (holding it was not an abuse of discretion to decline to consider a document purportedly from a non-governmental website that listed foreclosure advertisements for properties unrelated to the plaintiff's property); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("Thus courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' Fed.R.Evid. 201(b), that our judicial notice rule contemplates."). Notwithstanding, nothing in this website establishes that Defendant used Castel Connects' predictive dialer equipment to place calls to Plaintiff's cellular phone as discussed *infra*.

4

the summary judgment stage because it is unsworn. Federal Rule of Civil Procedure 56 requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The advisory committee notes to Rule 56 explain that under Rule 56(c)(4), "[a] formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Fed. R. Civ. P. 56(c)(4), advisory committee notes (2010 amendments).

Plaintiff's declaration is neither sworn nor in compliance with 28 U.S.C. § 1746 and cannot be considered. *See Dudley v. City of Monroeville, Ala.*, 446 Fed. App'x 204, 207 (11th Cir. 2011) ("Unsworn statements do not meet the requirements of Rule 56, so the district court could not—and properly did not—rely on the content of the [unsworn] statement.") (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 27 (11th Cir. 2003)).[5]

Notwithstanding, the pertinent statements in Plaintiff's unsworn declaration do not establish that Defendant used an ATDS-- "dialing equipment" that "has the capacity to store or produce, and dial random or sequential numbers"--to dial his cellular phone. *See* 47 U.S.C. § 227(a)(1); 2015 FCC Ruling at *5-6. Nor do they establish that the calls were made using a predictive dialer. There is no evidence in the record demonstrating the type or the brand of equipment Defendant used to call

---

[5] There is also authority from other circuits that an unsworn declaration or affidavit is not competent summary judgment evidence if it does not otherwise comply with 28 U.S.C. § 1746. *See, e.g., Peak ex rel. Peak v. Cent. Tank Coatings, Inc.*, 606 Fed. App'x 891, 895 (10th Cir. 2015) (interpreting Rule 56(c)(4) to require "a written unsworn declaration, certificate, verification, or statement be subscribed in proper form as true under penalty of perjury under 28 U.S.C. § 1746 to substitute for an affidavit."); *Davis v. LeBlanc*, 539 Fed. App'x 626, 628 (5th Cir. 2013) (unsworn affidavits that were not made under penalty of perjury did not constitute competent summary judgment evidence); *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 Fed. App'x 306, 309 (5th Cir. 2011) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment.").

5

Plaintiff's cellular phone. To the contrary, the evidence demonstrates, at most, that the calls were placed manually with the use of human intervention through a "point and click function."

Plaintiff argues that at the time Defendant placed calls to his cellular phone it had the present capacity to use an ATDS and it is Defendant's burden to prove it did not use an ATDS or predictive dialing system to make those calls (Dkt. 35 at 9). Plaintiff makes broad assertions that Defendant uses Castel Connects and Avaya predictive dialing systems, which "are considered to have the present capacity to autodial such that they are an automatic telephone dialing system" (Dkt. 35 at 3, 8-9). While that may be true, there is no evidence that Defendant used either of these predictive dialing systems to place calls to Plaintiff's cellular phone. And again, to the contrary, John testified that the calls were placed manually.[6] Finally, there is no foundation or support for Plaintiff's conclusion that "clicks and delays" and "prolonged silences" means that an ATDS or predictive dialer was being used to place the calls.[7] See Avirgan, 932 F.2d at 1577 (Plaintiff's evidence "cannot consist of conclusory allegations or legal conclusions.").

In sum, Plaintiff has failed to create a material dispute over whether Defendant placed calls to his cellular phone using an ATDS or artificial or prerecorded voice. His TCPA claim therefore fails as a matter of law.

This Court's jurisdiction was invoked by Defendant based on the federal TCPA claim.

---

[6] Plaintiff's reliance on Castel Connects' website is misplaced. Even accepting that the website establishes that Defendant uses Castel Connects equipment in some aspect of its business, that is all it does. To conclude that Defendant used an ATDS to call Plaintiff solely because Defendant may have had the capacity to use an ATDS because it uses Castel Connects equipment requires far too much speculation. See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (citation and quotation omitted). To be sure, it is not even clear that all Castel Connects equipment constitutes an ATDS or predictive dialer.

[7] Plaintiff's statement regarding prerecorded messages may create a material dispute over whether Defendant placed calls to Plaintiff's cellular phone using a prerecorded or artificial voice. Nevertheless, as discussed above, his unsworn statement cannot be considered.

6

Pursuant to 28 U.S.C. § 1367, district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Because summary judgment will be granted on Plaintiff's only federal claim, and his only remaining claims arise under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, the Court declines to exercise supplemental jurisdiction over these claims. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").

Accordingly,

1. Plaintiff's Motion for Judicial Notice of Facts (Dkt. 31) is **GRANTED *in part*** and **DENIED *in part***.

2. Defendant's Motion for Partial Summary Judgment (Dkt. 28) is **GRANTED** and the Clerk is directed to **ENTER FINAL JUDGMENT** on Count VI of Plaintiff's Second Amended Complaint in favor of Defendant and against Plaintiff.

3. This remainder of this case is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

4. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 2nd day of November, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Clerk of Court, Thirteenth Judicial Circuit in and for Hillsborough County, Florida